**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP**
Mitchell S. Griffin (SBN 114881)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Defendants
DAN ROBIN CATALANO and the
Unnamed sailing vessel, Hull # CFZ0237TC700 &
CF #0237TP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MORELLI TAYLOR SPORTFISHING & MARINE SUPPLY, LLC, a California Limited Liability Company d.b.a. LEO'S SPORTFISHING,<br><br>Plaintiff,<br><br>vs.<br><br>DAN ROBIN CATALANO, an individual, *in personam,* Unnamed Sailing Vessel, Hull #CFZ0237TC700 & CF #0237TP, *in rem,* and Does 1-100, inclusive<br><br>Defendants. | Case No.: C07-04947<br><br>**DECLARATION OF DAN CATALANO IN SUPPORT OF DEFENDANTS' MOTION TO VACATE ORDER OF ARREST OR, ALTERNATIVELY, TO SET THE AMOUNT OF SECURITY FOR RELEASE OF THE VESSEL**<br><br>Date: October 9, 2007<br>Time: 10:30 a.m.<br>Courtroom: 2, 5th Floor<br>Hon. Howard R. Lloyd |

I, DAN CATALANO, hereby declare as follows:

1.  I am a defendant in this action. The matters set forth below are based upon my own personal knowledge and observation. If called to testify, I could and would competently testify to the statements made below.

2.  I moved back to California from Costa Rica in February, 2007 so that I could pursue my business venture, which is to build a replica 'pirate boat' (the defendant "Vessel" at issue) and take it back to Costa Rica in late 2007, where I intend to operate the Vessel as a charter business for tourists. I first began constructing the Vessel single-handedly in February 2007,

1  starting with a steel hull which had never been waterborne. At the time I began building the
2  Vessel, it was located several miles inland in Santa Cruz, California.
3  3.     After working on the Vessel alone through the months of February, March, and April,
4  I moved the unfinished Vessel to the water on or about May 8, 2007, and put it in the water at
5  the "Visitor's Dock" in Santa Cruz Harbor.
6  4.     The Plaintiff Morelli Taylor Sportfishing & Marine Supply, LLC, d.b.a. Leo's
7  Sportfishing ("Leo's Sportfishing") is a business establishment located adjacent to the
8  Visitors Dock. Based on information and belief, Leonardo Morelli (hereafter, "Morelli") is
9  the owner of Leo's Sportfishing.
10 5.     On or about May 28, 2007, I approached Morelli and asked if I could borrow his arc
11 welder to work on the Vessel. Morelli told me he could do the welding for me and I agreed.
12 No mention of payment for the welding was made at any time by either I or Morelli. After
13 Morelli spent less than one hour on the Vessel doing welding he left the vessel. When I
14 inspected the Morelli's work it was so bad I had to redo all of it completely by myself.
15 6.     After that, on several occasions during the month of June, Morelli offered to help me
16 with welding work on the Vessel, including welding the figurine on the bowsprit and welding
17 metal bars supporting the bowsprit. I agreed but, again, I was dissatisfied with Morelli's work
18 and had to redo it all myself. Morelli also offered to weld two chain plates on the Vessel but
19 I turned down his offer. Morelli nevertheless boarded the Vessel at night and welded the
20 chain plates without my knowledge. The next day, I had to redo the chain plate welding,
21 which had been done wrong, like every other item Morelli had done on the Vessel. At no
22 time was any mention made of paying Morelli for the welding he had done on the Vessel.
23 7.     Later in June, because I am an experienced motorcycle mechanic, Morelli and I
24 agreed that I would help him get his motorcycle repaired and painted in exchange for Morelli
25 doing the rigging work on the Vessel (which didn't include any welding). At that time, the
26 Vessel still needed to be rigged and it lacked working engines, steering gear and electrical
27 power and could not move under its own power.
28 8.     Over the next month or so, I spent approximately 30 hours arranging for the repairs

1  and painting of Morelli's motorcycle. I also paid $8,000 out of my own pocket to pay for the
2  motorcycle's paint job. I did the best I could to keep close track of the amount of time
3  Morelli worked on the vessel. The work Morelli did on the Vessel during that time was
4  sporadic, incomplete and woefully defective. In fact, I had to redo all of Morelli's work
5  either myself or have someone else redo it.

6  9.  In July 2007, I instructed Morelli to stop working on the Vessel and to "stay away"
7  from the Vessel altogether. To that point, according to my documentation, Morelli had spent
8  a total of 22 hours "working" on the Vessel, in exchange for my work on Morelli's
9  motorcycle.

10  10.  Despite my instructions to "stay away" from the Vessel, Morelli still continued
11  coming aboard. In response, on or about August 18, 2007, I complained to the Santa Cruz
12  Harbor Police that Morelli was trespassing aboard the Vessel. They offered to tow the Vessel
13  to another berth across the harbor and away from Morelli's dock and I accepted. Since that
14  time, Morelli has not set foot aboard the Vessel and I have had no contact or communication
15  with him.

16  11.  On September 25, 2007, the Vessel was arrested by the U.S. Marshal and turned over
17  to a substitute custodian (the Santa Cruz Harbormaster) after this Court entered an Order of
18  Arrest for the Vessel. Attached to the verified complaint filed by Morelli in support of the
19  arrest is a letter, allegedly dated September 1, 2007, addressed to "Santa Cruz Harbor," with
20  a list of dozens of expenses that Morelli purportedly incurred for the Vessel. The letter was
21  never delivered to me prior to being presented to this Court.

22  12.  On the entire list, only one expense item was actually incurred for the Vessel (a
23  $1,800 berthing fee that Morelli indeed paid for the Vessel). The remainder, if they were in
24  fact incurred at all, have nothing to do with Vessel.

25  13.  I have carefully reviewed pages 3 and 4 of Exhibit 1 to Plaintiff's Verified Complaint.
26  The item dated 5/23/2007 to "Hawaii Fiberglass" was for a *fiberglass* panel Plaintiff used to
27  repair a someone else's boat. My Vessel is made out of steel and does not utilize any
28  fiberglass components.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

CAT.Buccaneer/2542

14. Also, the item dated 5/29/2007 to Santa Cruz Paint was for *green and white paint*. My Vessel **does not have any portion painted green or white**; but Plaintiff's own boat *is* painted green and white. The 6/8/2007 entry "Wet/Dry vacs" were used in Morelli's own shoreside office, and the "rivets" were used in his own boat's bait tanks. The 6/22/2007 entry of "pipe hanger" and "conduit" were used to run electrical wiring from Morelli's office to his fuel dock and had nothing to do with the Vessel. The paint purchased from Kelly Moore on 7/9/2007 was brown, however, there is nothing painted brown on the Vessel. The 7/16/2007 entry for "Impeller, corrosion X" was equipment installed aboard someone else's boat that plaintiff was rebuilding. The "Parts etc." on 6/30 and 7/16/2007, are too vague for me to be able to tell what those charges were for.

15. I have invested everything I own into starting this business venture.

16. I have no house and lived aboard the unfinished Vessel before it was arrested. I had to leave most of my clothes and possessions aboard the Vessel when it was arrested. Importantly, I have committed the Vessel to return to Costa Rica to begin operating charters by December 1, 2007, and I, therefore, have to finish building the Vessel, and then outfit her for the voyage and be ready to leave Santa Cruz by the beginning of November, 2007 in order to arrive in Costa Rica on time. I estimates there is at least four weeks worth of work left to complete the Vessel and make her ready for sea, including completing installation of the engines, steering gear, generators, and sail rigging.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this Declaration was executed on October 3, 2007, at Santa Cruz, California.

*[signature]*
Dan R. Catalano

# PROOF OF SERVICE

Case: *Morelli Taylor Sportfishing & Marine Supply, LLC v. Dan Robin Catalano, et al.*

Case No.: **USDC, Northern District, Case No.: C-07-04947**

I am employed in the City and County of San Francisco by the law firm of COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP, 190 The Embarcadero, San Francisco, California 94105. I am over the age of 18 years and not a party to the within action.

On October 3, 2007, I served the attached document(s):

**DECLARATION OF DAN CATALANO IN SUPPORT OF DEFENDANTS' MOTION TO VACATE ORDER OF ARREST OR, ALTERNATIVELY, TO SET THE AMOUNT OF SECURITY FOR RELEASE OF THE VESSEL**

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except facsimile transmission(s)), addressed as shown below, for service as designated below:

**(A)** By First Class Mail: I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the addressee on the date indicated.

**(B)** By Personal Service: I caused each such envelope to be personally delivered to the addressee(s) by a member of the staff of this law firm on the date indicated.

**(C)** By Messenger Service: I caused each such envelope to be delivered to a courier employed by NATIONWIDE LEGAL, with whom we have a direct billing account, who personally delivered each such envelope to the addressee(s) on the date indicated.

**(D)** By Federal Express: I caused each such envelope to be delivered to Federal Express Corporation at San Francisco, California, with whom we have a direct billing account, to be delivered to the addressee(s) on the next business day. I deposited each such envelope/package at the Three Embarcadero Center location of Federal Express Corporation.

1
2
(E)  <u>By Facsimile</u>: I caused such document to be served via facsimile electronic equipment transmission (fax) on the party(ies) in this action by transmitting a true copy to the following fax numbers:

| SERVICE | ADDRESSEE | PARTY REPRESENTED |
|---|---|---|
| C | Joseph W. McCarthy<br>400 Reed Street<br>P.O. Box 58032<br>Santa Clara, CA 95050<br>Tel: (408) 727-4111<br>Fax: (408) 727-4343 | Attorneys for Plaintiff<br>Morelli Taylor Sportfishing<br>& Marine Supply, LLC |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed this October 3, 2007, at San Francisco, California.

_____
Zoe Conner

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

IMU.Goldsworthy/2416

Case No.: C-06-4025MHP