Joseph W. McCarthy [164433]
JOSEPH W. McCARTHY, A LAW CORPORATION
400 Reed Street/POB 58032
Santa Clara, California 95050
Office:   (408) 727-4111
Fax:      (408) 727-4343

FILED
2007 OCT -5 P 3: 11
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
ND OF CA S.J.

Attorney for Plaintiff, MORELLI TAYLOR SPORTFISHING & MARINE SUPPLY, LLC, a California Limited Liability Company d.b.a. LEO'S SPORTFISHING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORELLI TAYLOR SPORTFISHING & MARINE SUPPLY, LLC, a California Limited Liability Company d.b.a. LEO'S SPORTFISHING,<br><br>Plaintiff,<br><br>vs.<br><br>DAN ROBIN CATALANO, an individual, in personam; Unnamed Sailing Vessel, Hull #CFZ0237TC700 & CF #0237TP, in rem, and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO: C0704947 HRL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE ORDER OF ARREST, OR, ALTERNATIVELY, TO SET THE AMOUNT OF SECURITY FOR RELEASE OF THE VESSEL**<br><br>Date: October 9, 2007<br>Time: 10:30 a.m.<br>Courtroom: 2, 5th Floor<br>Hon. Howard R. Lloyd |

I.   INTRODUCTION

Plaintiff MORELLI TAYLOR SPORTFISHING & MARINE SUPPLY, LLC, a California Limited Liability Company d.b.a. LEO'S SPORTFISHING hereby submits the following points and authorities in opposition to the Motion of Defendants to vacate the order of arrest or, alternatively, to set the amount of security for release of Unnamed Sailing Vessel #CFZ0237TC700 & CF #0237TP ("the Vessel").

////

## II. JURISDICTION

Plaintiff pled federal jurisdiction in the original complaint at paragraphs three, four and six, then realleged federal jurisdiction for each cause of action at paragraphs seven, eleven and fifteen.

## III. LEGAL ARGUMENT

### A. THE AMOUNT OF SECURITY NECESSARY FOR THE RELEASE OF THE VESSEL IS $126,258.06.

The amount of security necessary for the release of the Vessel is $126,258.06, pursuant to Federal Rules of Civil Procedure, Supplemental Rule E(5)(a) which states in pertinent part:

> *In the event of the inability or refusal of the parties so to stipulate the court shall fix the principal sum of the bond . . . [to not exceed] (i) twice the amount of the plaintiff's claim or (ii) the value of the property on due appraisement, whichever is smaller.*

MORELLI estimates the Vessel is worth $150,000. Morelli Decl. ¶ 12. The sum of $126,258.06 is twice the amount of the plaintiff's claim against the Vessel as detailed in the original complaint, plus $4,700, two times $2,350, the costs incurred to date.

### B. DEFENDANT CATALANO REPRESENTED TO THE DEPARTMENT OF MOTOR VEHICLES THAT THE VESSEL WAS OPERABLE.

California Vehicle Code § 9840(a) defines a vessel as "watercraft used or capable of being used as a means of transportation on water[.]" The State requires that any such vessel, undocumented by the United States Coast Guard, be registered with the Department of Motor Vehicles prior to its

placement in California waters.  Cal Veh. Code § 9850.

When Defendant CATALANO registered the Vessel with the Department of Motor Vehicles on May 24, 2007, he was thereby representing that the Vessel was capable of being used for transportation.

In addition, as described in the Vessel Survey attached as Exhibit 1 to Howard Thevenin's declaration, the vessel was seaworthy and complete, except for some minor items, when it was placed into the water on April 18, 2007.  The minor items outstanding were completed by the end of April, 2007.

    C.    **THE VESSEL FALLS UNDER FEDERAL ADMIRALTY JURISDICTION BECAUSE IT IS CAPABLE OF DISCHARGING THE FUNCTIONS FOR WHICH IT WAS INTENDED.**

The instant case is distinguishable from *Thames Towboat Co. v. The Schooner "Francis McDonald"* because the Vessel currently at issue is "sufficiently advanced to discharge the functions for which intended."  254 U.S. 242, 243 (1920).

The court in *Thames* affirmed the doctrine that "contracts to construct entirely new ships are non-maritime."  *Id.* at 244.  The unnamed Vessel in this action, however, is not a new ship: it is a existing ship being customized to look like a pirate ship, as indicated in the declaration of Leo Morelli.  Morelli Decl. ¶ 3.  As such, the Vessel in this action falls within federal admiralty jurisdiction and the arrest is valid.

////

////

////

**IV.   CONCLUSION**

The Vessel is fully operational, Morelli Decl. ¶ 2 and Thevenin Decl. ¶ 6 and 8, and by his own admission, CATALANO is leaving for Costa Rica shortly.  Catalano Decl. ¶ 16.  Therefore, to protect MORELLI'S claim against the Vessel, we respectfully request that the court deny the Defendants' motion to vacate the vessel arrest, or alternately, set the bond amount to $126,258.06, as allowed by the FRCP.

Dated: October 5, 2007

_____
Joseph W. McCarthy, attorney for plaintiff, MORELLI TAYLOR SPORTFISHING & MARINE SUPPLY, LLC, a California Limited Liability Company d.b.a. LEO'S SPORTFISHING

## PROOF OF SERVICE VIA FACSIMILE

My business address is 400 Reed Street, Santa Clara, California. I am employed in the County of Santa Clara, State of California, which is the county where the mailing described herein occurred. I am over the age of 18 years, and not a party to this cause.

On October 5, 2007, I served a true copy of:

**DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE AND REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE**

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE ORDER OF ARREST, OR, ALTERNATIVELY, TO SET THE AMOUNT OF SECURITY FOR RELEASE OF THE VESSEL**

**DECLARATION OF JOSEPH W. MCCARTHY IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE ORDER OF ARREST, OR, ALTERNATIVELY, TO SET THE AMOUNT OF SECURITY FOR RELEASE OF THE VESSEL**

**DECLARATION OF LEONARDO J. MORELLI IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE ORDER OF ARREST, OR, ALTERNATIVELY, TO SET THE AMOUNT OF SECURITY FOR RELEASE OF THE VESSEL**

**DECLARATION OF HOWARD THEVENIN IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE ORDER OF ARREST, OR, ALTERNATIVELY, TO SET THE AMOUNT OF SECURITY FOR RELEASE OF THE VESSEL**

by facsimile, addressed as follows:

Mitchell S. Griffin, Esq.
Facsimile: (415) 438-4601

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this was executed in Santa Clara, California.

DATED: October 5, 2007

_____
Felice Moreno