IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Morelli Taylor Sportfishing and Marine Supply, LLC, d.b.a. Leo's SportFishing, <br><br>    Plaintiff,<br>  v.<br><br>Dan Robin Catalano, et al.,<br><br>    Defendants. | NO. C 07-04947 JW<br><br>**ORDER VACATING ORDER FOR ISSUANCE OF WARRANT OF ARREST OF VESSEL; VACATING WARRANT FOR ARREST OF VESSEL; DISMISSING CASE WITH PREJUDICE** |

Morelli Taylor Sportfishing and Marine Supply, LLC, a California limited liability company doing business as Leo's SportFishing ("Plaintiff"), bring this action against Dan Robin Catalano ("Defendant") *in personam* and against his vessel *in rem* alleging, *inter alia*, causes of action for breach of contract, quantum meruit, and account stated. (Verified Complaint, hereafter, "Complaint," Docket Item No. 1.)

Plaintiff alleges that on May 9, 2007 an oral contract was entered whereby Plaintiff was to perform certain work on Defendant's vessel. (Id.) The alleged damages stem from work Plaintiff allegedly performed on Defendant's vessel. (Id.)

On September 25, 2007, the Court ordered the arrest of Defendant's vessel to protect Plaintiff's claim against Defendant and his vessel. (Order for Issuance of Warrant of Arrest of Vessel, Docket Item No. 5; Warrant for Arrest of Vessel; Docket Item No. 6.)

On October 3, Defendant moved for the Court to vacate the Order of Arrest on the ground that the Court does not have maritime jurisdiction. (Motion to Vacate the Order of Arrest, Docket Item No. 7.)

Under longstanding Supreme Court precedent, contracts concerning the construction of a vessel are non-maritime because they are not nearly enough related to any right and duties pertaining to commerce and navigation.  See Thames Towboat Co. v. Francis McDonald, 254 U.S. 242, 242-45 (1920.)  For the same reason, the exclusion from admiralty jurisdiction likewise applies to agreements made after the vessel is in the water, "for work necessary to consummate partial construction and bring the vessel into condition to function as intended."  Id.  Such work need not be necessary to make the vessel seaworthy, so long as it is performed before the vessel is "sufficiently advanced to discharge the functions for which she is designed."  Boat La Sambra v. Lewis, 321 F.2d 29, 31 (1963.)

In this case, the Senior Deputy Harbormaster of the harbor in which Defendant's vessel sits stated that he observed Defendant's vessel at least three time from April of 2007 to September of 2007 and at no time was it fully operable and able to move under its own power.  (Declaration of Don Kinnamon in Support of Defendant's Motion to Vacate Order of Arrest, Docket Item No. 23.) This fact is not disputed.  Thus, the Court finds that Defendant's vessel was not sufficiently advanced to discharge the functions for which it is designed.

Upon proffered facts, the Court finds that it lacks subject matter jurisdiction because the vessel is not in the maritime jurisdiction of this Court.  Accordingly, the Order of Arrest is VACATED.  The Santa Cruz Harbor Master shall immediately release the Unnamed Sailing Vessel, Hull #CFZ0237TC700 & CF #0237TP to Dan Robin Catalano.

The case is DISMISSED with prejudice for lack of subject matter jurisdiction.  The Clerk shall close this file.

Dated: October 11, 2007

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Joseph W. McCarthy mccarthytravel@prodigy.net
Max L. Kelley mkelley@cwghp.com
Mitchell S. Griffin mgriffin@cwghp.com

**Dated: October 11, 2007**                              **Richard W. Wieking, Clerk**

                                                  **By:   /s/ JW Chambers**
                                                       **Elizabeth Garcia**
                                                       **Courtroom Deputy**

United States District Court
For the Northern District of California